# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CLINTON D. COX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No.   17-cv-1243 |
| | ) |
| STEVE KALLIS, | ) |
| | ) |
| Respondent. | ) |

## <u>ORDER & OPINION</u>

This matter is before the Court on an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 5) filed by Clinton D. Cox. The petition has been fully briefed. For the reasons stated below, the petition is DENIED.

### BACKGROUND

In 2001, following a jury trial in the District of Connecticut, Petitioner Clinton D. Cox was convicted "on substantive and conspiratorial counts of trafficking in 50 grams or more of crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), (b) (1) (A), 846, "as well as multiple counts of using a firearm in the course of his drug-trafficking crimes," in violation of 18 U.S.C. § 924(c)(1)(A). *United States v. Cox*, 458 F.App'x 79 (2d Cir. Feb. 6, 2012). Cox had a prior conviction in Connecticut for possession of narcotics, in violation of CONN. GEN. STAT. 21(a)-279(a), and the district court determined that Cox's Connecticut drug offense qualified as a "felony drug offense" under 21 U.S.C. § 802(44). As a result, the sentencing ranges for Cox's federal drug trafficking convictions were enhanced from 10 years to life to 20 years to life for the § 841(b)(1)(A) conviction, and from 20 years to 30 years for the § 841(b)(1)(C)

conviction.

On September 12, 2001, Cox was sentenced to 540-months imprisonment (360-months imprisonment on the drug counts to run concurrently, and 60-months imprisonment on each of the three firearm counts to run consecutively). *Cox v. United States*, No. 3:00CR69, 2006 WL 1210891, at *1 (D. Conn. May 5, 2006); *United States v. Cox*, 324 F.3d 77, 79 (2d Cir. 2003). Cox's convictions and sentence were affirmed on direct appeal. *United States v. Cox*, 59 F. App'x 437, 438 (2d Cir. 2003); *Cox*, 324 F.3d at 79-80.

Cox filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on the grounds that "his counsel made various errors at trial, and thus rendered ineffective assistance, and "that the court violated his Sixth Amendment rights by sentencing him based on facts not found by the jury." *Cox v. United States*, No. 3:04CV1383, 2006 WL 2053469, at *2 (D. Conn. July 20, 2006). The district court denied Cox's Motion. *Id.*

On December 19, 2008, Cox filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania challenging the legality of his § 924(c)(1)(A) convictions. *Cox v. United States*, No. 3:11CV1568, 2013 WL 11330641, at *2 (D. Conn. Sept. 24, 2013), *supplemented*, No. 3:11CV1568, 2014 WL 12656536 (D. Conn. July 2, 2014). The Government agreed that Cox's § 2241 petition should be granted and the case was transferred to the District of Connecticut for resentencing. *Id.* The District of Connecticut vacated Cox's § 924(c)(1)(A) convictions and resentenced him on his remaining drug convictions to concurrent terms of 360-months imprisonment. *Id.*

Cox appealed his new sentence as procedurally and substantively unreasonable. *Cox*, 458 F.App'x 79. While his appeal was still pending, Cox filed another § 2255 Motion and two motions to amend. *Cox*, 2013 WL 11330641, at *2. His Motion and amended motions alleged that a witness offered perjured testimony at his trial. *Id.* The district court held that Cox's second § 2255 Motion was untimely, *id.*, and the Second Circuit ultimately denied Petitioner's sentencing claims on appeal, *Cox*, 458 F.App'x 79.

On May 30, 2017, Cox filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Doc. 1), and he filed an Amended Petition on June 29, 2017. (Doc. 5). Cox argues that under *Mathis v. United States*, 136 S.Ct. 2243 (2016), his prior Connecticut drug offense should not have qualified for a sentence enhancement under § 841(b). On September 27, 2017, the Government filed its response, (Doc. 11), and Cox has filed several replies, (Docs. 14, 15, 16). Thus, this matter is ripe for decision.

## LEGAL STANDARDS

As an initial matter, the Court notes that because Cox was convicted in Connecticut, the substantive law of the Second Circuit governs Cox's § 2241 petition. *Braxton v. Werlich*, No. 18-CV-0948, 2018 WL 2299230, at *2 (S.D. Ill. May 21, 2018); *Salazar v. Sherrod*, No. 09-CV-619, 2012 WL 3779075, at *5 (S.D. Ill. Aug. 31, 2012); *Hernandez v. Gilkey*, 242 F. Supp. 2d 549, 554 (S.D. Ill. 2001). "[A]lthough petitions for habeas relief are filed in the federal judicial district where a prisoner is incarcerated . . . petitioner who challenges his federal conviction via a petition for habeas corpus may not take advantage of a favorable difference in the interpretation of federal law between the circuit where he was sentenced and the circuit where he

is now incarcerated." *Linder v. Kreuger*, No. 1:15-CV-01055, 2017 WL 1102740, at *2 (C.D. Ill. Mar. 23, 2017) (citing *In re Davenport*, 147 F.3d 605, 612 (7th Cir. 1998). 583, 586 (7th Cir. 2013) ("When there is a circuit split, there is no presumption that the law in the circuit that favors the prisoner is correct, and hence there is no basis for supposing him unjustly convicted merely because he happens to have been convicted in the other circuit.")).

Federal prisoners who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Federal inmates may file a petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (often referred to as "the Savings Clause").

Section 2255 is inadequate or ineffective only if the following three requirements are met: "(1) the petitioner must rely on a [Supreme Court] case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross,* 863 F.3d 962, 964 (7th Cir. 2017). The mere fact that a petitioner's claim would be an impermissible second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d at 609-10 (citations omitted) (internal quotation marks omitted).

## DISCUSSION

Cox argues that he is "actually innocent" of his sentence enhancements under § 841(b) because *Mathis* dictates that his Connecticut narcotic offense no longer qualifies as a predicate "felony drug offense." First, the Government argues that Cox cannot bring a stand-alone *Mathis* challenge in a § 2241 petition because *Mathis* is not a new rule. (Doc. 11 at 9). Second, the Government contends that Cox cannot demonstrate that his *Mathis* arguments were previously unavailable. *Id.* at 10. Third, the Government argues that Cox cannot establish a miscarriage of justice because his overall sentence is not affected by the enhancement. *Id.* at 14.

The Court finds that Cox's § 2241 petition must be denied because he cannot satisfy the requirements for filing a § 2241 petition, namely, *Mathis* is not a new rule and Cox has not shown that the error asserted is grave enough to be deemed a miscarriage of justice. Furthermore, the Second Circuit has essentially addressed and foreclosed Cox's arguments.

## I. *Mathis* Is Not a New Rule, So Independent *Mathis* Claims Cannot Be Brought in § 2241 Petitions

Section 2255 is inadequate or ineffective only if, *inter alia*, the petitioner is relying on a new Supreme Court case of statutory interpretation that was previously unavailable and that applies retroactively. The Seventh Circuit suggested in *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016), that an "independent claim based on *Mathis*" could be brought, "if at all, in a petition under 28 U.S.C. § 2241." (emphasis added). Yet, the Supreme Court in *Mathis* explicitly held that its longstanding precedent resolved the case, and that *Taylor v. United States*, 495 U.S. 575, 600-01 (1990) "set out the essential rule governing ACCA cases more than a quarter century ago." *Mathis*, 136 S.Ct. at 2251.

While this Court has held that independent *Mathis* claims cannot be brought in a § 2241 petition because *Mathis* is not a new rule, *Robinson v. Krueger*, No. 1:17-CV-01187, 2017 WL 2407253, at *5 (C.D. Ill. June 2, 2017), district courts in the Seventh Circuit are admittedly split on the issue, *compare Wadlington v. Werlich*, No. 17-CV-449, 2017 WL 3055039, at *3 (S.D. Ill. July 17, 2017) (reasoning that *Mathis* satisfied the first two requirements to bring a § 2241 petition); *and Winters v. Krueger*, No. 217CV00386, 2018 WL 2445554, at *2 (S.D. Ind. May 31, 2018) (same); *with Neff v. Williams*, No. 16-CV-749, 2017 WL 3575255, at *2 (W.D. Wis. Aug. 17, 2017) (*Mathis* "merely reaffirmed its 1990 holding in *Taylor*").

The Second Circuit, however, has explicitly held that *Mathis* is not a new rule because the holding in *Mathis* "was based on a rule applied for decades." *Washington v. United States*, 868 F.3d 64, 65 (2d Cir. 2017); *Mercado v. United States*, No. 3:17CV488, 2018 WL 1541914, at *5 (D. Conn. Mar. 29, 2018) ("The *Mathis* Court went out of its way, however, to note that it was not breaking new ground in setting out its analysis."). In line with the Supreme Court's language in *Mathis* that its holding was based on longstanding precedent, this Court's prior decision in *Robinson*, and Second Circuit precedent, the Court concludes that *Mathis* is not a new rule and therefore cannot satisfy the second requirement for filing a § 2241 petition.

## II. Even If *Mathis* Is a New Rule, Cox Cannot Show That He Suffered a Miscarriage of Justice In This Case

In addition to showing that he relies on a new rule of statutory interpretation, the error asserted by Cox must be grave enough to be deemed a miscarriage of justice. Cox was convicted of federal drug offenses under 21 U.S.C. § 841(b)(1)(A) and § 841(b)(1)(C). A violation of § 841(b)(1)(A) "after a prior conviction for a felony drug

offense has become final" increases the mandatory minimum sentencing range from 10 years to life to 20 years to life. A violation of § 841(b)( 1)(C) "after a prior conviction for a felony drug offense has become final" increases the maximum sentence from 20 years to 30 years. 21 U.S.C. § 802(44) defines "felony drug offense":

> The term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

§ 802(44); *Burgess v. United States*, 553 U.S. 124, 129 (2008). The sentencing court determined that Cox's prior Connecticut drug offense qualified as a "felony drug offense" under § 802(44), and that Cox therefore qualified for an enhanced sentence on his federal drug crimes under § 841(b). Cox was originally sentenced to four concurrent terms of 360-months imprisonment (thirty years).

To determine whether a state drug offense qualifies as a "felony drug offense" under § 841, courts employ the categorical and modified categorical approaches. *United States v. Savage*, 542 F.3d 959, 964 (2d Cir. 2008). A court must first decide whether the statute under which the defendant was previously convicted is divisible or indivisible in order to determine which approach to employ. *Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017). If a statute is indivisible, courts apply the categorical approach to determine if the state statute matches with the generic federal definition of a corresponding felony. *Id*. Under the categorical approach, "[s]entencing courts may look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013) (quoting *Taylor v. United States*, 495 U.S.

575, 600 (1990)). If the statute defining a defendant's prior offense has the same elements as the "generic" ... crime, then the prior conviction can serve as [a] ... predicate; so too if the statute defines the crime more narrowly.... But if the statute sweeps more broadly than the generic crime, a conviction under that law cannot count as [a] ... predicate, even if the defendant actually committed the offense in its generic form." *Id.* at 2283.

Under the categorical approach, a defendant's "actual conduct is irrelevant to the inquiry." *Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015). For divisible statutes, courts instead apply the modified categorical approach. *Harbin*, 860 F.3d at 64. That approach permits consideration of certain materials that reveal which of a statute's separate offenses served as the basis for the defendant's conviction. *Id.* (citing *Descamps*, 133 S. Ct. at 2283). A divisible statute is one that lists elements in the alternative, and, in doing so, creates a separate crime associated with each alternative element. *Mathis*, 136 S. Ct. at 2249.

*Mathis* dealt with the fifteen-year mandatory minimum sentence imposed by the Armed Career Criminal Act on certain federal defendants who have three prior convictions for a "violent felony," including three generic offenses: burglary, arson, or extortion. 18 U.S.C. § 924(e). *Mathis* did not concern a regular statute "that lists multiple elements disjunctively," but it instead concerned "one that enumerates various factual means of committing a single element." *Id.* at 2249. At issue was Iowa's burglary statute which reached a broader range of places ("any building, structure, or land, water, or air vehicle") than generic burglary. *See* IOWA CODE § 702.12 (2013). *Mathis* held that "those listed locations [in Iowa's burglary statute] are

not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element . . . ." *Id*. at 2250. The Supreme Court held that courts must apply the categorical approach to statutes like Iowa's. In other words, *Mathis* concluded that a statute is considered divisible, and therefore subject to the modified categorical approach, *only* if it creates multiple offenses by setting forth alternative elements, not alternative means. *Id*. at 2253-54.

Cox was convicted under CONN. GEN. STAT. 21a-279(a), which, at the time, provided: "Any person who possesses or has under his control any quantity of any narcotic substance ... for a first offense, may be imprisoned not more than seven years...."[1] *State v. Vasquez*, 733 A.2d 856, 861 n.5 (Conn. App. Ct. 1999). Cox argues that the Connecticut statute as it defined "narcotic substance" was broader than the definition for felony drug offense. Specifically, the Connecticut statute included substances not covered by the categories of federally controlled substances: thenyfentanyl and benzylfentanyl.

Before *Mathis*, courts in the Second Circuit applied the modified categorical approach when the state statute criminalized both conduct included in the relevant

---

[1] Cox argues that "[b]ecause possession of narcotics under Connecticut General Statutes 21a-279 law in Petitioner's state case does not include a mere offer to sell drugs, the conviction does not qualify as a felony drug offense for an 851 Notice." (Doc. 5 at 13). This argument is incorrect. A felony drug offense means an offense that is punishable by imprisonment for more than one year. Connecticut law at the time of Cox's conviction provided for a term of imprisonment up to seven years for possession of narcotics. Unlike the definition of a "controlled substance offense" within the meaning of the career offender Sentencing Guidelines, for purposes of sentence enhancement under §§ 841 and 851, there is no requirement of an intent to distribute. Thus, Cox's conviction qualified as a felony drug offense. *See United States v. Richards*, 302 F.3d 58, 71 (2d Cir. 2002) (finding that although "a federal offense for the same conduct he was convicted for in Connecticut would have been only a misdemeanor" because his conviction "was under state, not federal, law, and the plain language of 21 U.S.C. § 802(44) provides that a state felony drug offense is sufficient", the court properly applied the sentencing enhancement under § 841(b)(1)(B)).

federal statute and conduct not covered by the federal statute. As a result, the Second Circuit pre-*Mathis* held that convictions under CONN. GEN. STAT. § 21a-279a qualified as prior felony drug convictions under the modified categorical approach. *United States v. Roman*, 464 F. App'x 32, 35 (2d Cir. 2012).

The holding in *Mathis* could[2] mean that the categorical approach should apply to the Connecticut statute, rendering the statute overbroad and a conviction under it ineligible for § 841(b) enhancement. But that possibility alone does not necessarily mean Cox suffered a miscarriage of justice. The Seventh Circuit has used a variety of formulations to describe the type of error that may meet this demanding standard, including a "fundamental error equivalent to actual innocence," *Brown*, 696 F.3d at 641 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002)); an error which reaches the "fundamental legality of [a prisoner's] sentence[ ]," *In re Davenport*, 147 F.3d at 609; or an error which results in a sentence "based upon the equivalent of a nonexistent offense," *Narvaez v. United States*, 674 F.3d 621, 629 (7th Cir. 2011).

Cox argues that his illegal sentence enhancement is a miscarriage of justice under *Narvaez*, 674 F.3d at 629 (erroneously classifying Narvaez as a career offender

---

[2] It is no secret that the Supreme Court's decision in *Mathis* caused an influx of § 2241 petitions and much confusion among federal district courts. The Seventh Circuit has never addressed a case with facts like this one—where a prisoner uses *Mathis* to challenge his "felony drug offense" enhancements under § 841(b). Many courts around the country have held that *Mathis* simply does not apply to § 841(b) enhancements. *Dusenbery v. Warden Allenwood USP*, 720 F. App'x 102, 104 (3d Cir. 2018) ("Dusenbery has not shown that *Mathis* constituted an intervening change in law which made available to him the argument that he presents here, that the Ohio and Florida lists of controlled substances contain a broader range of drugs than the federal controlled substance schedule such that neither the Ohio nor the Florida conviction can be used as a predicate § 851 enhancement."); *Stone v. Butler*, No. CV 17-152, 2017 WL 5618289, at *2 (E.D. Ky. Nov. 20, 2017), *appeal dismissed*, No. 18-5041, 2018 WL 1773123 (6th Cir. Mar. 28, 2018); *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) ("[t]he categorical approach in . . . *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44)."); *see also Washington v. Willis*, No. EP-17-CV-273, 2017 WL 4230556, at *5 (W.D. Tex. Sept. 22, 2017), *appeal dismissed*, No. 17-50959, 2018 WL 1989492 (5th Cir. Jan. 31, 2018).

and wrongly enhancing his sentence "clearly constitutes a miscarriage of justice."). But key facts in *Narvaez* distinguish that case from Cox's. Narvaez's illegal designation as a career offender under the Armed Career Criminal Act made him "eligible for roughly five additional years of incarceration without *any* justification in the sentencing scheme established by law." *Id.* at 626. In other words, based on a retroactive change in Supreme Court precedent rendering Narvaez a career offender no longer, Narvaez "was sentenced based upon the equivalent of a nonexistent offense." *Id.* at 629. While Narvaez had no absolute right to a lower sentence, the Court ruled he did have an absolute right "not to stand before the court as a career offender when the law does not impose that label on him." *Id.*

Cox was not "labeled" anything, and Cox was certainly not sentenced "upon the equivalent of a nonexistent offense." *Cf. Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n. 1 (2013) (a prior conviction used in conjunction with recidivist enhancements is a sentencing factor, not an "element" of a triggering crime). Cox pleaded guilty to possession of narcotics (specifically, cocaine) and there is no suggestion that he is actually innocent of that underlying offense.

Furthermore, in 2011, Cox's § 924(c) conviction was vacated pursuant to *Watson v. United States*, 552 U.S. 74 (2007) (A person does not "use" a firearm under 18 U.S.C. § 924(c)(1)(A) when he receives it in trade for drugs), and Cox was resentenced to the same concurrent 360-month prison terms for his federal narcotic crimes. *Cox*, 458 F.App'x at 81 (noting that the vacatur of the firearms counts permitted the district court to resentence Cox on the drug counts). Cox appealed his resentencing, arguing that the district court miscalculated his mandatory minimum

sentence. *Id.* at 82. The Second Circuit held that any miscalculation was harmless error because

> [t]he record shows that the district court imposed its sentence without regard to the mandatory minimum penalty. Instead, it determined that a term of 360 months' incarceration—the low end of the post-FSA Guidelines range of 360 months to life and a term 120 months longer than the presumed statutory minimum—was appropriate in light of 'the nature and circumstances of the offense and the history and characteristics of the defendant.'

*Id.* In a footnote, the Second Circuit further explained that "**[t]he same harmlessness conclusion would obtain with respect to Cox's *pro se* complaint of procedural error in the identification of his past state narcotics conviction as a 'felony drug offense' for purposes of 21 U.S.C. § 841(b)(1)(A) and 851.**" *Id.* at n. 2 (emphasis added). As such, the Second Circuit has already effectively foreclosed Cox's arguments related to his § 841(b) enhancements. Because Cox is currently serving a sentence that was imposed on him without regard to the § 841(b) enhancements, *see id.*, he has not shown that the error (deemed harmless by the Second Circuit) is grave enough to constitute a miscarriage of justice.

## CONCLUSION

For the reasons stated above, Petitioner's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 5) is DENIED. Cox's Motion for Ruling (Doc. 27) is DENIED as MOOT.

Entered this 14th day of June, 2018.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge
