E-FILED
Monday, 02 July, 2018 03:51:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CLINTON D. COX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1243 |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER & OPINION

This matter is before the Court on a "Motion for Reconsideration under Rule 59(e)" filed by Clinton D. Cox. (Doc. 30). In 2001, a jury convicted Cox of federal drug and firearms crimes. *Cox v. Kallis*, No. 17-1243, 2018 WL 2994378, at *1 (C.D. Ill. June 14, 2018). Cox's sentence for his federal drug convictions was enhanced because he had a prior conviction in Connecticut for possession of narcotics. *Id.*

On June 14, 2018, this Court denied Cox's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. *Id.* In that petition, Cox argued that the holding in *Mathis v. United States*, 136 S.Ct. 2243 (2016), meant his Connecticut drug offense no longer qualified as a "felony drug offense" under 21 U.S.C. § 802(44), and therefore was improperly used to enhance his federal drug sentences. This Court denied Cox's petition because he could not satisfy the requirements for filing a § 2241 petition, namely, *Mathis* is not a new rule and Cox had not shown that the error asserted was grave enough to be deemed a miscarriage of justice. *Cox*, 2018 WL 2994378 at *3-*5.

Cox now challenges that ruling under Federal Rule of Civil Procedure 59(e). "A Rule 59(e) motion will be successful only where the movant clearly establishes: '(1)

that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012)). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Habeas petitioners like Cox cannot use Rule 59(e) as a way to relitigate issues already addressed and denied by the Court. *See Barnes v. Lashbrook*, No. 16-798, 2017 WL 2574021, at *1 (S.D. Ill. June 14, 2017), *appeal dismissed sub nom.*, No. 17-2370, 2017 WL 6762224 (7th Cir. July 18, 2017).

Cox argues that this Court was wrong in holding that *Mathis* does not apply retroactively, and points to *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016), where the Seventh Circuit stated that "substantive decisions such as *Mathis* presumptively apply retroactively on collateral review." The former quoted statement is, of course, correct, but Cox misses the mark. Cox brought a § 2241 petition, and a § 2241 petition can only be brought based on *new rules* that are also retroactive.[1] As the Court already explained, *Mathis* is not new. *Cox*, 2018 WL 2994378 at *3. The

---

[1] To further explain: section 2241 petitions can only be brought if a collateral attack under 28 U.S.C. § 2255 would be inadequate or ineffective. As the Seventh Circuit explained in *Holt*, if Holt were bringing his *first* § 2255 Motion, *Mathis* would apply because substantive decisions such as *Mathis* apply retroactively on collateral review. *Holt*, 843 F.3d at 721. But before the Court was Holt's second § 2255 Motion, which changed the analysis. A second or successive collateral attack under § 2255 is permissible only if the court of appeals certifies that it rests on newly discovered evidence (which Holt's second motion did not) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Because *Mathis* is not a new rule of constitutional law, Holt's second § 2255 Motion could not be brought on that basis. *See Holt*, 843 F.3d at 722. So to here, because *Mathis* is not a new rule, Cox's § 2241 Petition cannot be brought.

2

remainder of Cox's arguments were already addressed and denied by this Court.

## CONCLUSION

For the reasons stated above, Cox's Motion for Reconsideration under Rule 59(e), (Doc. 30), is DENIED.


Entered this 2nd day of July, 2018.

s/ Joe B. McDade  
JOE BILLY McDADE  
United States Senior District Judge